Singh v. Sessions

BIA
Christensen, IJ
A205 587 104

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of December, two thousand seventeen.

PRESENT:
   DENNIS JACOBS,
   PETER W. HALL,
   GERARD E. LYNCH,
    *Circuit Judges.*
_____

SUNDER SINGH,
   *Petitioner,*

   v.            16-2818
                 NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
   *Respondent.*
_____

FOR PETITIONER:   Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:   Chad A. Readler, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Matt A. Crapo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sunder Singh, a native and citizen of India, seeks review of a July 20, 2016, decision of the BIA affirming a January 5, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sunder Singh,* No. A 205 587 104 (B.I.A. July 20, 2016), *aff'g* No. A 205 587 104 (Immig. Ct. N.Y. City Jan. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on inconsistencies in an applicant's

2

statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). In conducting "substantial evidence" review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination in this case is sound. As the IJ observed, Singh testified that in February 2012, his brother was at the sweet shop when members of the Congress Party tried to intimidate his brother into joining their ranks and then beat Singh. On cross-examination, Singh confirmed that his brother was present. That account conflicted with multiple documents in the record. In his credible fear interview, Singh stated that his brother was not at the store. Singh's asylum application also stated that his brother fled Punjab in 2008, and that in 2012 the Congress Party members went to the sweet shop to instruct Singh to tell his brother to quit his party after they could not "trace" his brother. CAR at 250. Likewise, the letters from Singh's mother

3

and friend stated that Singh's brother had fled and that in the 2012 incident, the Congress Party members demanded that Singh tell his brother to quit the Akali Dal Mann Party.  Lastly, the letter from the Akali Dal Mann Party said that Singh's brother had fled in 2008.

When confronted with the inconsistency, Singh explained that he was scared at his credible fear interview, and that his brother had returned to Punjab and was living in hiding in the sweet shop.  Singh then adhered to his testimony, asserting that in the 2012 incident, the Congress Party members threatened his brother, who then left.  The IJ reasonably rejected this explanation, inferring that Singh would say anything to remedy the discrepancy.  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible).  And the IJ reasonably discredited Singh's testimony that he was frightened during the credible fear interview, noting that the interview record mirrored Singh's asylum application, which Singh updated years after being released from custody without changing that detail.  *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that she

4

was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

A single inconsistency or omission that goes to the heart of a claim can support an adverse credibility finding. *See, e.g., Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006). Here, moreover, there were additional inconsistencies. Singh testified to two incidents: the 2012 beating and a 2013 threat. But the letters from Singh's mother and friend described both as beatings. The IJ was not compelled to credit Singh's explanation that his mother and friend misperceived the threat as a beating. *Majidi*, 430 F.3d at 80.

The IJ cited a third gap between Singh's testimony and documentary evidence, regarding Singh's involvement with the Akali Dal Mann Party. Singh testified that starting in 2005, he attended meetings and rallies and put up posters. But although the letter from the Akali Dal Mann Party mentioned Singh's brother's membership, it said nothing about Singh's work for the party. Singh's explanation for this inconsistency--that his brother was the member and Singh was only a supporter--was not compelling. *Majidi*, 430 F.3d at 80.

Given the inconsistencies described above, the totality of the circumstances amply supports the agency's adverse credibility determination against Singh.  His asylum, withholding of removal, and CAT claims were all based on the same factual predicate, and so the credibility determination was dispositive as to all three forms of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk